**POMERANTZ LLP**
Jordan L. Lurie, State Bar No. 130013
jllurie@pomlaw.com
Ari Y. Basser, State Bar No. 272618
abasser@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 432-8492

**THE LAW OFFICE OF ROBERT L. STARR**
Robert L. Starr, State Bar No. 183052
robert@starrlaw.com
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GIBSON, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR:** |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, and DOES 1 through 10, inclusive, | **(1) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE, SECTION 17200,** *et seq.* |
| Defendants. | **(2) VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE SECTION 1750,** *et seq.* |
| | **(3) FRAUD** |
| | **JURY TRIAL DEMANDED** |

Plaintiff Gary Gibson ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, brings this action against Defendant Jaguar Land Rover North America, LLC ("Defendant" or "JLRNA"), upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTION

1. For decades, JLRNA has been in the business of importing and distributing JLRNA vehicles to the state of California, with the intent to sell JLRNA vehicles to consumers in California. As such, the JLRNA vehicles have been subject to state and federal regulations regarding both emissions standards and JLRNA's obligation to provide consumers with warranties relating to emissions parts.

2. Specifically, dating back over 20 years, California Code of Regulations, Title 13, Section 2035, *et seq.*, entitled "Emission Control System Warranty Requirements for 1990 and Subsequent Model Year Passenger Car, Light-Trucks, and Medium-Duty Vehicles and Engines" ("the CCR") has required JLRNA to provide a 7-year 70,000-mile warranty relating to "high-priced" "warranted parts." This provision is sometimes referred to as the "High-Cost Emissions-Related Parts Warranty" or the "California Emission Control System Warranty."

3. The CCR very clearly defines the methodology that JLRNA is required to use in order to identify which parts should be covered by the 7-year 70,000-mile warranty.

4. Pursuant to CCR Section 2035, with regard to 1990 and subsequent model year vehicles, a "warranted part" is defined as, "any part installed on a motor vehicle or motor vehicle engine by the vehicle or engine manufacturer, or installed in a warranty repair, which affects any regulated emission from a motor vehicle or engine which is subject to California emission standards."

5. Furthermore, CCR Section 2037(b) states: "The manufacturer of each motor vehicle or motor vehicle engine shall warrant to the ultimate purchaser and each subsequent purchaser that the vehicle or engine is:

(1) Designed, built, and equipped so as to conform with all applicable regulations adopted by the Air Resources Board pursuant to its authority in chapters 1 and 2, part 5, division 26 of the Health and Safety Code; and

(2) Free from defects in materials and workmanship which cause the failure of a warranted part to be identical in all material respects to the part as described in the vehicle or engine manufacturer's application for certification, including any defect in materials or workmanship which would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate, for a period of three years or 50,000 miles, whichever first occurs; and

(3) Free from defects in materials and workmanship which cause the failure of a warranted part described in section (c) below for seven years or 70,000 miles, whichever first occurs."

6. California Code of Regulations Section 2037(c) deals with "high-priced warranted parts" under the California Emission Control System Warranty and states:

(1) Each manufacturer shall identify in its application for certification the "high-priced" warranted parts which are:

(a) For 1990 through 2007 model year vehicles: [i] included on the Board's "Emissions Warranty Parts List" as last amended February 22, 1985, incorporated herein by reference, and; [ii] have an individual replacement cost at the time of certification exceeding the cost limit defined in section (c)(3);

(b) For 2008 and subsequent model year vehicles: [i] subject to coverage as a warranted part in section (b)(2) above, and; [ii] have an individual replacement cost at the time of certification exceeding the cost limit defined in section (c)(3).

(2) The replacement cost shall be the retail cost to a vehicle owner and include the cost of the part, labor, and standard diagnosis. The costs shall be those of the highest-cost metropolitan area of California.

(3)   The cost limit shall be calculated using the following equation:

$$\text{Cost limit } \{n\}) = \$300 \times (\text{CPI}\{n-2\})/ 118.3$$

Cost limit {n) is the cost limit for the applicable model year of the vehicle rounded to the nearest ten dollars.

7.   In summary, any part that either effects a vehicle's emissions, or causes a vehicle's on-board diagnostic malfunction indicator light to illuminate is, for the purpose of determining coverage under the CCR, considered a "warranted part," which shall have a 3-year 50,000-mile warranty.  Furthermore, if the part is determined to be a "high-priced" warranted part, as defined by 2037(c) of the CCR, the part, the labor cost of diagnosing the part failure, and the labor cost of replacing the part shall have a 7-year 70,000-mile emissions warranty pursuant to the High-Cost Emissions-Related Parts Warranty.

## JLRNA'S CONDUCT

8.   JLRNA engages in a systematic business practice of intentionally refusing to identify, in the JLRNA warranty booklet provided to owners and lessees, and in resources provided to its dealerships, all of the parts that should be identified as "high-priced" warranted parts and that should be covered under the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty.  JLRNA classifies *some* of the "high-priced" warranted parts as being parts covered under the 7-year 70,000-mile California emissions warranty, but not all of the high-priced warranted parts that should be covered.

9.   JLRNA does this in order to reduce the amount of money that JLRNA has to pay out on warranty related repairs and warranty claims.

10.   If JLRNA properly identified all of the high-priced warranted parts that should be correctly identified as such, then JLRNA dealerships would properly provide coverage for said high-priced parts under warranty.

11.   The failure on the part of JLRNA to properly identify parts as "high-priced" warranted parts under the CCR constitutes fraudulent concealment on the part of JLRNA, and an unfair and unlawful business practice which is intended to minimize the amount of money that JLRNA has to pay out in warranty claims.  JLRNA's conduct violates California law.

12. Plaintiff and other consumers have suffered damage and lost money or property as a result of JLRNA's wrongful, unfair, unlawful, and fraudulent conduct.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because: (i) members of the Class are citizens of a state different from that of Defendant JLRNA; and (ii) aggregating the claims of individual Class members, the total matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. Further, 28 U.S.C. § 1332(d)(5) does not apply because (i) the JLRNA is not a state, state official, or other governmental entity against whom the Court may be foreclosed from ordering relief, and (ii) the number of members of the Class in the aggregate exceeds 100.

14. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with California, having intentionally availed itself of the California market so as to render the exercise of jurisdiction over it by this District Court consistent with traditional notions of fair play and substantial justice.

15. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business within the State of California, has failed to designate with the office of the California Secretary of State a principal place of business in California, and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## PARTIES

16. Plaintiff Gary Gibson is, and at all times relevant hereto has been, a resident and citizen of the State of California, County of San Luis Obispo.

17. JLRNA was and is, upon information and belief, a New Jersey limited liability company doing business in California.

18. The true names and capacities of Defendants sued in this Complaint as Does 1 through 10, inclusive, are currently unknown to Plaintiff, and therefore Plaintiff sues such Defendants by such fictitious names.

19. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, shareholders, managers, or employees of JLRNA at all relevant times.

20. Plaintiff is informed and believes, and on that basis alleges that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained, as may be necessary. Each reference in this Complaint to "JLRNA" or "Defendant" is also a reference to all Defendants sued as Does 1 through 10.

21. Plaintiff reserves the right to expand, limit, modify, or amend these allegations at any time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

## PLAINTIFF'S FACTS

22. On May 28, 2013, Plaintiff purchased a new 2013 Land Rover LR4, VIN SALAK2D42DA673906 ("Gibson Vehicle") from Jaguar Land Rover Ventura (the "Ventura Dealership") located in Ventura County, California. The Ventura Dealership is a JLRNA franchise dealership, authorized by JLRNA to sell and repair JLRNA vehicles. Furthermore, the Ventura Dealership is a designated JLRNA repair facility, where consumers can present their vehicles for repair pursuant to the JLRNA warranty

23. At the time that Plaintiff purchased the Gibson Vehicle, Plaintiff was advised that the Gibson Vehicle came with a warranty. The warranty booklet provided to Plaintiff indicated that the Gibson Vehicle's warranty included the California emissions warranty.

24. On September 12, 2017, at 60,320 miles, the Gibson Vehicle underwent repairs at the Ventura Dealership because Plaintiff was reporting that the Gibson Vehicle was stalling. The Ventura Dealership generated Invoice 45956 relating to this repair visit.

25. Although the Ventura Dealership was unable to duplicate the stalling complaint during the test drive, the Ventura Dealership determined that the Gibson Vehicle had fault codes

stored in the system for low fuel pressure. The Ventura Dealership installed a new fuel pump, driver module and new low-pressure sensor.

26. The cost for the labor associated with the repairs was $834.00, and the total cost of repairs was $1,236.78. Plaintiff paid for these repairs out of pocket.

27. On October 4, 2017, at 60,650 miles, the Gibson Vehicle again underwent repairs at the Ventura Dealership because the Gibson Vehicle continued to stall. The Ventura Dealership generated Invoice 46192 relating to this repair visit. The Ventura Dealership found that the low-pressure fuel pump was intermittently failing on the secondary circuit side, causing the pump to cease working while driving. A new low-pressure fuel pump, gasket, and relay were installed.

28. The cost of the labor associated with the repairs was $695.00, and the total cost of the repairs was $1,249.20. Plaintiff again paid for these repairs out of pocket.

29. The cost associated with the diagnosis and repairs relating to Invoices 45956 and 46192 should have been covered and paid for by JLRNA under the 7-year 70,000-mile California emissions warranty because, pursuant to California Code of Regulations section 2037(c), the parts relating to said repairs should have been identified by JLRNA as high-priced warranted parts, due to the costs associated with the parts and labor relating to diagnosing the failure and replacing said parts.

30. The reason that Plaintiff was charged for said repairs was not the result of an individual issue relating to the Ventura Dealership, or an oversight by the Ventura Dealership in failing to identify the repairs as repairs that should have been covered under the 7-year 70,000-mile California emissions warranty. Rather, Plaintiff was charged for said repairs because of JLRNA's uniform and systematic business practice of intentionally refusing to identify in the JLRNA warranty booklet, and in resources provided to its dealerships, all of the parts that should be identified as high-priced warranted parts under California law.

31. CCR section 2037(c)(1)(B) regarding "High-priced Warranty Parts" requires JLRNA to identify the "high-priced warranted parts . . . which have an individual replacement cost at the time of certification exceeding the cost limit defined in section (c)(3)."

32. JLRNA intentionally failed to identify all said components in order to reduce the amount of money that JLRNA spends on warranty-related repairs. If JLRNA complied with California law and properly identified all parts as high-price warranted parts that should be identified as such, then JLRNA dealerships would properly provide warranty coverage for said high-price warranted parts.

33. JLRNA fraudulently concealed from Plaintiff and members of the Class all of the parts that qualify as high-price warranted parts in an effort to minimize the amount of money that JLRNA has to pay out in warranty claims.

34. JLRNA's failure to provide coverage under the 7-year 70,000-mile California emissions warranty was the result of JLRNA's intentional uniform and systematic business practice of willfully violating California law.

35. JLRNA's conduct violates California's Unfair Competition Law, California Business and Professions Code sections 17200, *et seq.* (the "UCL"), and violates the Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq*.

36. Plaintiff, and other members of the Class have suffered damage as a result of JLRNA's wrongful, unfair, unlawful, and fraudulent conduct.

37. On December 31, 2018, pursuant to California Civil Code Section 1782, counsel for Plaintiff notified JLRNA in writing of Plaintiff's claims under the Consumers Legal Remedies Act relating to said unlawful warranty practices and provided JLRNA an opportunity to take actions to remedy said unlawful practices. JLRNA refused to take any actions to remedy said unlawful practices.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

38. Plaintiff re-alleges and incorporates by reference each allegation set forth above.

39. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) and (b)(3) on behalf of himself and members of the Class as defined below.

40. Excluded from the Class are Defendant, and its subsidiaries and affiliates; its current and former officers, directors, and employees (and members of their immediate families); and the legal representatives, heirs, successors or assigns of any of the foregoing.

Page 7
CLASS ACTION COMPLAINT

41. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

42. Plaintiff's proposed class consists of and is defined as follows:

> All persons in California who, within the last four years, have been owners or lessees of JLRNA vehicles and who have paid for repairs and parts that should have been covered under JLRNA's "high-priced warranted parts" 7-year 70,000-mile California emissions warranty (the "Class").

43. On behalf of the Class, Plaintiff seeks injunctive relief requiring JLRNA to identify all of the parts or components that should have been, and that should be, properly covered under the 7-year or 70,000-mile California Emission Control System Warranty.

44. On behalf of the Class, Plaintiff also seeks reimbursement for the money wrongfully paid by Plaintiff and members of the Class relating to repairs that should have been covered by JLRNA under the 7-year 70,000-mile California Emission Control System Warranty during the Class period.

45. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

46. As required by Fed. R. Civ. P. 23(a)(2) and (b)(3), there are questions of law and fact common to the Class, and those common questions predominate over any questions affecting only individual members. Among the common questions of law and fact include:

(a) Whether JLRNA has failed, and is failing, to comply with the High-Cost Emissions-Related Parts Warranty by failing to provide a 7-year 70,000 mile California emissions warranty for parts that are defined as high-priced warranted parts pursuant to the CCR.

(b) Whether JLRNA has failed, and is failing, to identify for consumers and dealerships all of the parts that should be identified as high-priced warranted parts, and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty.

    (c)    Whether JLRNA has engaged in, and is engaging in, a systematic business practice of intentionally failing to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty under the CCR.

    (d)    Whether JLRNA has failed, and is failing, to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000 mile California High-Cost Emissions-Related Parts Warranty in an effort to reduce the amount of money that JLRNA spends on warranty related repairs.

    (e)    Whether JLRNA's conduct of failing to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty results in consumers suffering financial loss.

    (f)    Whether JLRNA's conduct of failing to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty results in wrongfully minimizing the amount of money that JLRNA has to pay out in warranty claims.

    (g)    Whether JLRNA's conduct of failing to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty violates California law.

    (h)    Whether JLRNA has engaged in, and is engaging in, unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.* with regard to JLRNA's failure to identify all of the high-priced warranted parts that should be covered by the 7-year 70,000 mile California High-Cost Emissions-Related Parts Warranty.

    (i)    Whether Plaintiff and Class members are entitled to injunctive relief regarding JLRNA's failure to identify all of the high-priced warranted parts that should be

|   |     |                                                                                   |
|---|-----|-----------------------------------------------------------------------------------|
|   |     | covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty. |
|   | (j) | The appropriate amount of restitution, or monetary penalties resulting from JLRNA's violations of California law. |
|   | (k) | Whether JLRNA has engaged in, and is engaging, in fraudulent concealment relating to JLRNA's failure to identify all of the high-priced warranted parts that should be covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty. |
|   | (l) | Whether JLRNA has violated and is violating the Consumers Legal Remedies Act, California Civil Code Section 1750, *et seq*., with regard to JLRNA's failure to identify all of the high-priced warranted parts which should be covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty. |

47. <u>Numerosity</u>: As required by Fed. R. Civ. P. 23(a)(1), the members of the Class are so numerous that joinder of all Class members would be unfeasible and impractical, and the resolutions of their claims through the procedure of a class action will be of benefit to the Parties and the Court.  The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's records.

48. <u>Typicality</u>: As required by Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of the claims of all members of the Class since Plaintiff and all members of the Class suffered damages as result of Defendant's fraudulent concealment and wrongful conduct set forth herein.

49. <u>Adequacy</u>: As required by Fed. R. Civ. P. 23(a)(4), Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has no interests adverse or antagonistic to those of the Class and has retained counsel competent and experienced in class action litigation who will zealously prosecute this matter on behalf of the Class to its conclusion.

50. <u>Superiority</u>: As required by Fed. R. Civ. P. 23(b)(3), the nature of this action makes the use of a class action adjudication superior to other methods.  A class action will

achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire Class.

51. Defendant keeps extensive computerized records of its customers. Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

52. Class certification of Plaintiff's claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

53. JLRNA has actively engaged in fraudulent, misleading, and dishonest conduct relating to its failure to properly identify parts that should be identified as high-priced warranted parts covered under the 7-year 70,000-mile California emissions warranty. Despite acting diligently, Plaintiff and the Class cannot be reasonably expected on their own to learn or discover what parts and repairs should be identified as high-priced warranted parts covered under the 7-year 70,000-mile California emissions warranty. Therefore, the discovery rule is applicable to the claims asserted by Plaintiff and members of the Class, and the statute of limitations for bringing the claims set forth herein should be tolled.

54. JLRNA has actual and constructive knowledge that it is violating California law by failing to identify all of the parts that should be identified as high-priced warranted parts, and by failing to provide a 7-year 70,000-mile California emissions warranty relating to said parts. JLRNA has concealed from Plaintiff and members of the Class that JLRNA is violating California law as set forth herein.

55. Any applicable statute of limitation is tolled by JLRNA's knowledge, active concealment, and wrongful conduct set forth herein. JLRNA is further estopped from relying on any statute of limitation because of its concealment set forth herein.

## FIRST CLAIM FOR RELIEF
## Violation of California Unfair Competition Law
## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)
## Against All Defendants

56. Plaintiff re-alleges and incorporates by reference each allegation set forth above.

57. California Business and Professions Code sections 17200 *et seq*. (the "UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." JLRNA has committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein.

58. The UCL imposes strict liability. Plaintiff need not prove that JLRNA intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – only that such practices occurred.

59. JLRNA is a "person" as defined by Business & Professions Code § 17201.

60. As alleged above, JLRNA engages and has engaged in a uniform and systematic business practice of intentionally refusing to identify in the JLRNA warranty booklet, and in resources provided to its dealerships, numerous parts which should be identified as high-priced warranted parts. JLRNA does this in an effort to reduce the amount of money that JLRNA spends on warranty-related repairs. If JLRNA complied with California law and properly identified all parts as high-priced warranted parts that should be identified as such, then JLRNA dealerships would properly provide warranty coverage for said high-priced warranted parts.

61. The failure on the part of JLRNA to properly identify all parts as high-priced warranted parts that should be identified as such, is a uniform, systematic, and intentional business practice on the part of JLRNA to minimize the amount of money that JLRNA has to pay out in warranty claims. JLRNA's conduct violates California law.

62. Plaintiff contends that said conduct is a fraudulent concealment on the part of JLRNA, with JLRNA fraudulently concealing from consumers and JLRNA's dealerships all of the high-priced warranted parts, in an effort by JLRNA to minimize the amount of money that JLRNA has to pay out in warranty claims. One of the ways JLRNA defrauds and misleads consumers relates to the information that JLRNA provides to consumers in the written warranty booklet provided by JLRNA to consumers. JLRNA intentionally provides false information in its warranty booklets by intentionally failing to classify all of the high-priced warranted parts as parts that should be covered under the 7-year 70,000-mile California emissions warranty. Plaintiff alleges that Plaintiff and members of the Class have suffered damage as a result of JLRNA's wrongful, unfair, unlawful, and fraudulent conduct.

63. Furthermore, JLRNA has refused to, and continues to refuse to provide 7-year 70,000-mile California emissions warranty coverage relating to all repairs which should be covered under said warranty pursuant to California law. This refusal is intentional, willful, unfair, unlawful, and done with JLRNA's specific intent to defraud Plaintiff and members of the Class.

64. As a direct and proximate result of JLRNA's acts and practices in violation of the UCL, Plaintiff and members of the Class have suffered injury in fact and lost money or property as set forth above and will continue to do so.

65. A business practice is "unlawful" under the UCL if it is forbidden by law or regulations, including standards of professional conduct.

66. The violation of any law or regulation may serve as the predicate for a violation of the "unlawful" prong of the UCL. JLRNA's conduct is unlawful in that it also violates the CCR, including the requirement under CCR section 2037(c)(1)(B) regarding "High-priced Warranty Parts" that JLRNA identify the "high-priced warranted parts . . . which have an individual replacement cost at the time of certification exceeding the cost limit defined in section (c)(3)."

67. All of the acts and practices of JLRNA as described in this Complaint constitute "unfair" business acts and practices. A business act or practice is "unfair" under the UCL if the

reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims. Plaintiff and members of the Class have suffered injury in fact and a loss of money or property as a result of JLRNA's unfair business acts and practices as set forth in detail above.

68. JLRNA's conduct does not benefit consumers or competition. Plaintiff and members of the Class could not reasonably avoid the injury each of them suffered or will suffer, which injury is substantial. JLRNA's conduct only benefits JLRNA, because it enables JLRNA to wrongfully avoid having to pay warranty claims which should be covered by the 7-year 70,000-mile California emissions warranty.

69. The gravity of the consequences of JLRNA's conduct as described above outweighs the justification, motive or reason therefor, is immoral, unethical and unscrupulous, and offends established public policy that is tethered to legislatively declared policies as set forth in the laws detailed above, or is substantially injurious to the public, for the reasons set forth above.

70. JLRNA's acts of unfair competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, C.C.P. § 1021.5.

## SECOND CLAIM FOR RELIEF

### Violation of California Consumers Legal Remedies Act

### (Cal. Civil Code §§ 1750 *et seq.*)

### Against All Defendants

71. Plaintiff re-alleges and incorporates by reference each allegation set forth above.

72. JLRNA has violated Section 1770 of the California Consumers Legal Remedies Act, Cal. Civ. Code Section 1750, *et seq.* (the "CLRA"). The violation is that JLRNA promised both the State of California, and members of the Class, including Plaintiff, that it would honor the terms of the JLRNA warranty, and by doing so, that it would honor the terms of the CCR, however JLRNA has failed to do so. Furthermore, the warranty book provided by JLRNA to consumers specifically references the California emissions warranty, and both inferentially and

specifically represents that it will honor the terms of the CCR, however JLRNA has refused, and continues to refuse to honor the terms of the CCR, as stated herein.

73. Plaintiff is a consumer who was wrongfully required to pay for repairs which should have been paid for by JLRNA pursuant to the CCR. The Gibson Vehicle was presented by Plaintiff for repairs at a JLRNA authorized repair facility, in compliance with the terms and conditions of the JLRNA warranty. The Gibson Vehicle required repairs which should have been covered pursuant to the CCR, based upon the Gibson Vehicle's mileage and age. JLRNA wrongfully failed and refused to pay for the warranty repairs due to the unlawful pattern and practice set forth herein. Thus, Plaintiff suffered damage.

74. JLRNA knows that it is violating to terms of the CCR, however JLRNA intentionally violates the CCR in order to save money. Plaintiff and members of the Class are generally unaware of the terms and scope of the CCR, thus JLRNA is able to get away with said wrongful conduct. As a result, Plaintiff and members of the Class have suffered damage. JLRNA engages in a systemic pattern of denying warranty claims under the CCR relating to high-priced warranted parts.

75. Plaintiff and members of the Class have presented JLRNA vehicles to JLRNA authorized repair facilities for repairs that should have been covered under the CCR, but coverage has been wrongfully denied to them. As a result, Plaintiff and members of the Class have thus suffered damage. Plaintiff brings this claim on behalf of himself and the Class.

76. JLRNA's conduct in warranting, advertising, leasing, selling and distributing vehicles in the State of California, while at the same time knowingly and wrongfully failing to honor the terms of the CCR, constitutes violations of the following subsections of Section 1770:

(a) JLRNA represents and has represented that the vehicles sold and leased in the State of California have characteristics or benefits which they did not have (in violation of Section 1770(a)(5));

(b) JLRNA has falsely represented that the vehicles sold and leased in the State of California were of a particular standard, quality, or grade when they were of another (in violation of Section 1770(a)(7)); and,

(c) JLRNA advertised the vehicles that have been sold and leased in the State of California with the intent not to sell them as advertised (in violation of Section 1770(a)(9)).

77. California Civil Code section 1780(a) provides that any consumer who suffers damage as a result of a violation of the CLRA may bring an action to recover: 1) actual damages, but in no case shall the total award of damages in a class action be less than $1,000; 2) an order enjoining the methods, acts, or practices; 3) restitution of property; 4) punitive damages; and 5) any other relief that the court deems proper.

78. California Civil Code section 1781 provides that Plaintiff may pursue this case as a class action.

79. Plaintiff requests injunctive relief pursuant to Civil Code 1782(d).

80. Plaintiff is entitled to attorney fees pursuant to Civil Code section 1780(e).

### THIRD CLAIM FOR RELIEF

### Fraud by Omission

### Against All Defendants

81. Plaintiff re-alleges and incorporates by reference each allegation set forth above.

82. Plaintiff contends that JLRNA engages in a uniform and systematic business practice of intentionally refusing to identify in the JLRNA warranty booklet, and in resources provided to its dealerships, all parts which should be identified as high-priced warranted parts. JLRNA does this in an effort to reduce the amount of money that JLRNA spends on warranty-related repairs. If JLRNA complied with California law, and properly identified all parts as high-priced warranted parts which should be identified as such, then JLRNA dealerships would properly provide warranty coverage for said high-priced warranted parts.

83. JLRNA's failure to properly identify all parts as high-priced warranted parts which should be identified as such, is a systematic and intentional business practice on the part of JLRNA to minimize the amount of money that JLRNA has to pay out in warranty claims. JLRNA's conduct violates California law.

84.     Said conduct is a fraudulent concealment on the part of JLRNA, because JLRNA fraudulently conceals from consumers and JLRNA's dealerships all of the high-priced warranted parts, in an effort by JLRNA to minimize the amount of money that JLRNA has to pay out in warranty claims. One of the ways JLRNA defrauds and misleads consumers relates to the information that JLRNA provides to consumers in the written warranty booklet provided by JLRNA to consumers. JLRNA intentionally provides false information in the warranty booklets by intentionally failing to classify all of the high-priced warranted parts as parts that should be covered under the 7-year 70,000-mile California emissions warranty. Plaintiff alleges that Plaintiff and members of the Class have suffered damage as a result of JLRNA's wrongful, unfair, unlawful, and fraudulent conduct.

85.     Plaintiff contends that JLRNA is fully aware of its obligations pursuant to the CCR and that JLRNA willfully and intentionally conceals from consumers, and from the JLRNA dealerships, all of the parts which should be covered as high-priced warranted parts pursuant to the California emissions warranty, in order to fraudulently reduce the amount of money that JLRNA has to pay in warranty claims.

86.     JLRNA is and was under a duty to disclose to consumers and to its dealerships all of the parts which it is required to cover under the 7-year 70,000-mile California emissions warranty, because:

(1)     JLRNA is and was in a superior position to know the true state of facts about the duration of the 7-year 70,000-mile California emissions warranty;

(2)     JLRNA has made partial disclosures about the extent of the 7-year 70,000-mile California emissions warranty;

(3)     JLRNA has actively concealed and failed to identify all of the parts which are covered under the 7-year 70,000-mile California emissions warranty; and,

(4)     Members of the Class, including Plaintiff, have suffered actual loss due to JLRNA's fraudulent concealment and false representations.

87.     The facts concealed and not disclosed by JLRNA to Plaintiff and members of the Class are material.  Had Plaintiff and members of the Class known the true extent of the 7-year

70,000-mile California emissions warranty, and had JLRNA been truthful to its dealerships and members of the Class with regard to identifying all of the parts and repairs that are covered under the 7-year 70,000-mile California emissions warranty, members of the Class would have been able to avoid spending money in order to repair JLRNA vehicles sold and leased in California. As a result, Plaintiff and members of the Class have suffered damage.

88. JLRNA continues to fraudulently conceal and misrepresent the extent of the 7-year 70,000-mile California emissions warranty in order to minimize the amount of money that JLRNA spends on warranty related repairs.

89. Plaintiff and members of the Class have justifiably relied on the fraudulent concealment, omissions, and misrepresentations on the part of JLRNA, to Plaintiff and members of the Class' detriment.

90. Furthermore, JLRNA has refused to, and continues to refuse to provide 7-year 70,000-mile California emissions warranty coverage relating to all repairs which should be covered under said warranty pursuant to California law. This refusal is intentional, willful, unfair, unlawful, and done with the specific design on the part of JLRNA to defraud Plaintiff and members of the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against JLRNA as follows:

1. Plaintiff, on behalf of himself, and members of the Class, requests the Court to enter judgment against JLRNA as follows:

(a) An order certifying the proposed Class designating Plaintiff as named representative of the Class, and designating Plaintiff's Counsel as Class Counsel;

(b) A declaration that JLRNA is financially responsible for notifying all members off the Class about the wrongful conduct set forth herein;

(c) An order enjoining JLRNA from further deceptive distribution, sales, and lease practices, and to reimburse both Plaintiff and members off the Class for the money wrongfully paid by Plaintiff and members of the Class relating to repairs which should have

1  been covered by JLRNA under the 7-year 70,000-mile California emissions warranty;

2       (d)     An award to Plaintiff and members of the Class of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

       (e)     An award to Plaintiff and members of the Class of any repair costs they are owed;

       (f)     A declaration that JLRNA must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received as a result of the wrongful conduct set forth herein, or make full restitution to Plaintiff and members of the Class;

       (g)     An award of attorneys' fees and costs, as allowed by law;

       (h)     An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

       (i)     An award of pre-judgment and post-judgment interest;

       (j)     Leave to amend the Complaint to conform to the evidence produced at trial; and

       (k)     Other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procure, Rule 38(b), Plaintiff hereby demands a trial by jury as to all claims so triable.

Dated: May 24, 2019                           Respectfully submitted,

                                       **POMERANTZ LLP**
                                       **THE LAW OFFICE OF ROBERT STARR**

                               By: _____
                                        Jordan L. Lurie
                                        Ari Y. Basser

                                        *Attorneys for Plaintiff*