1   Brian Takahashi, SBN 146505
    brian.Takahashi@bowmanandbrooke.com
2   BOWMAN & BROOKE LLP
    970 West 190th Street, Suite 700
3   Torrance, CA 90502
    Telephone: (310) 768-3068
4   Facsimile: (310) 719-1019

5   Parris Hugh Schmidt, SBN 183999
    parris.schmidt@bowmanandbrooke.com
6   BOWMAN & BROOKE LLP
    1741 Technology Drive #200
7   San Jose, CA 95110-1355
    Telephone: (408) 279-5393
8   Facsimile: (408) 279-5845

9   Attorneys for Defendant Jaguar Land Rover North
    America, LLC (Additional counsel listed on the
10  signature page)

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

| | |
|---|---|
| 15 GARY GIBSON, individual and on behalf of all others similarly situated, | Case No.: 3:19-cv-02892-JD |
| 16 | **REPLY IN SUPPORT OF DEFENDANT** |
| 17        Plaintiff, <br>    v. | **JAGUAR LAND ROVER NORTH AMERICA, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| 18 JAGUAR LAND ROVER NORTH AMERICA, LLC, and DOES 1 through 10, | |
| 19 inclusive, | Date: Thursday, December 19, 2019 <br> Time: 10:00 a.m. |
| 20        Defendants. | Courtroom: 11 <br> Judge: James Donato |

21

22

23

24

25

26

27
28

\\DC - 029018/000133 - 14622255 v10

1

## TABLE OF CONTENTS

**Page**

2

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT ..........1

3

    I.    PLAINTIFF'S CLAIMS FAIL TO MEET RULE 9(B)'S HEIGHTENED PLEADING STANDARD, OR EVEN TO STATE A PLAUSIBLE

4

        CLAIM. .........................................................................................................1

5

        A.    Federal Rule of Civil Procedure 9(b) and 8(a) Govern Plaintiff's Claims. ...............................................................................................1

6

        B.    Plaintiff Does Not State a Claim for Affirmative Misrepresentation. .............1

7

        C.    Plaintiff Does not Adequately Allege that JLRNA Concealed and Excluded from Extended Coverage a Component that Qualified as

8

            High-Priced. ....................................................................................................1

9

        D.    Plaintiff Does Not Allege That CARB Has Raised a Concern about JLRNA's Classification of Any Components as High-Priced

10

            Warranted Parts. .............................................................................................6

11

        E.    Plaintiff Does Not Adequately Allege That JLRNA Had the Requisite

12

            Knowledge. .....................................................................................................7

13

        F.    Plaintiff Fails to Adequately Plead A Claim Under Any Prong of the UCL. ...............................................................................................................8

14

    II.    MULTIPLE CLAIMS ARE SUBJECT TO DISMISSAL TO THE

15

        EXTENT THEY SEEK EQUITABLE RELIEF. ...................................................10

16

CONCLUSION...........................................................................................................10

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

\\DC - 029018/000133 - 14622255 v10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*U.S. ex rel. Anita Silingo v. WellPoint, Inc.,*
   904 F.3d 667 (9th Cir. 2018) ................................................................................................. 4

*U.S. ex rel. Armstrong-Young v. Carelink Hospice Servs., Inc.,*
   No. 15-cv-04095-WHO, 2018 WL 4773111 (N.D. Cal. Oct. 1, 2018) ................................. 5

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ......................................................................................................... 5, 6

*Benitez v. Hutchens,*
   No. SACV 12-550 AG(JC), 2016 WL 7468037 (C.D. Cal. Dec. 26, 2016) ........................... 5

*Berryman v. Merit Property Mgmt., Inc.,*
   152 Cal.App.4th 1544 (2007) ............................................................................................... 7

*Bush v. Monelez Intern'l, Inc.,*
   No. 16-cv-02460-RS, 2016 WL 7324990 (N.D. Cal. Dec. 16, 2016) .................................... 9

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
   637 F.3d 1047 (9th Cir. 2011) ............................................................................................... 3

*Carrea v. Dreyer's Grand Ice Cream, Inc.,*
   475 F. App'x 113 (9th Cir. 2012) .......................................................................................... 8

*In re Century Aluminum Co. Secs. Litig.,*
   729 F.3d 1104 (9th Cir 2013) ............................................................................................... 3

*Clemens v. DaimlerChrysler Corp.,*
   534 F.3d 1017 (9th Cir. 2008) ............................................................................................. 10

*Concha v. London,*
   62 F.3d 1493 (9th Cir. 1995) ................................................................................................. 4

*Cty. of Santa Clara v. Astra U.S., Inc.,*
   428 F. Supp. 2d 1029 (N.D. Cal. 2006) ................................................................................ 5

*Daniel v. Nat'l Park Serv.,*
   891 F.3d 762 (9th Cir. 2018) ................................................................................................. 3

*U.S. ex rel. Ebeid v. Lungwitz,*
   616 F.3d 993, 998 (9th Cir. 2010) ........................................................................................ 3

ii

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

\\DC - 029018/000133 - 14622255 v10

*Eclectic Properties E., LLC v. Marcus & Millichap Co.,*
    751 F.3d 990 (9th Cir. 2014) ................................................................................... 2, 3

*U.S. ex rel. Gale v. Raytheon Co.,*
    No. 05cv2264-MMA(LSP), 2009 WL 10672537 (S.D. Cal. Feb. 3,
    2009) ........................................................................................................................... 5

*Hill v. Roll Internat. Corp.,*
    195 Cal. App. 4th 1295 (2011) ................................................................................. 9

*In re iPhone 4s Consumer Litig.,*
    637 F. App'x 414 (9th Cir. 2016) ............................................................................. 1

*Keates v. Koile,*
    883 F.3d 1228 (9th Cir. 2018) .................................................................................. 4

*U.S. ex rel. Lee v. SmithKline Beecham, Inc.,*
    245 F.3d 1048 (9th Cir. 2001) .................................................................................. 4

*Moore v. Kayport Package Express, Inc.,*
    885 F.2d 531 (9th Cir. 1989) ................................................................................. 3, 4

*Mujica v. AirScan Inc.,*
    771 F.3d 580 (9th Cir. 2014) .................................................................................... 5

*In re MyFord Touch Consumer Litig.,*
    46 F. Supp. 3d 936 (N.D. Cal. 2014) ....................................................................... 4

*Myrette-Crosley v. Ditech Home Loans,*
    No. 17-cv-05528-JD, 2018 WL 3159727 (N.D. Cal. June 28, 2018)
    (Donato, J.) ............................................................................................................... 3

*Neu v. Terminix Int'l, Inc.,*
    No. C 07-6472 CW, 2008 WL 2951390 (N.D. Cal. July 24, 2008) ........................ 8

*Rosell v. Wells Fargo Bank, N.A.,*
    No. 12-cv-06321-JD, 2014 WL 4063050 (N.D. Cal. Aug. 15, 2014)
    (Donato, J.)) ........................................................................................................... 10

*Shroyer v. New Cingular Wireless Servs., Inc.,*
    622 F.3d 1035 (9th Cir. 2010) .................................................................................. 8

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV*
    *Television Litig.,*
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) .................................................................... 7

*U.S. v. Corinthian Colls.,*
    655 F.3d 984 (9th Cir. 2011) .................................................................................... 8

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

\\DC - 029018/000133 - 14622255 v10

*U.S. ex rel. Vatan v. QTC Med. Servs., Inc.,*
    721 F. App'x. 662 (9th Cir. 2018) .................................................................................. 4

*U.S. ex rel. Unite Here v. Cintas Corp.,*
    No. C 06-2413 PJH, 2007 WL 4557788 (N.D. Cal. Dec. 21, 2007) ................................... 4, 5

*Williams v. Gerber Prod. Co.,*
    552 F.3d 934 (9th Cir. 2008) ......................................................................................... 8

*Wilson v. Hewlett-Packard Co.,*
    668 F.3d 1136 (9th Cir. 2012) ....................................................................................... 7

**Other Authorities**

13 C.C.R. § 2037 (c)(5) ...................................................................................................... 4, 6

13 C.C.R. § 2037(c)(6) ....................................................................................................... 6

13 C.C.R. § 2037(f) ............................................................................................................ 6

13 C.C.R. § 2037(g)............................................................................................................ 7

13 C.C.R. § 2041 ............................................................................................................... 6, 7

iv

\\DC - 029018/000133 - 14622255 v10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant Jaguar Land Rover North America, LLC ("JLRNA") hereby submits this reply

in support of its motion to dismiss the First Amended Complaint ("FAC").

### I.      PLAINTIFF'S CLAIMS FAIL TO MEET RULE 9(B)'S HEIGHTENED PLEADING STANDARD, OR EVEN TO STATE A PLAUSIBLE CLAIM.

### A.      Federal Rule of Civil Procedure 9(b) and 8(a) Govern Plaintiff's Claims.

Plaintiff does not dispute that his claims are grounded in fraud, and he therefore must

satisfy the pleading requirements of both Rule 9(b) and Rule 8(a).  *See* JLRNA's Mot. to Dismiss

the First Am. Compl. ("Mot.") at 4-6; *In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 416

(9th Cir. 2016) ("Complaints alleging fraud subject to Rule 9(b) must also meet the plausibility

requirement of Rule 8(a) . . . .").  Instead, Plaintiff contends that he satisfies these requirements.

Plf.'s Opp. to Def.'s Mot. ("Opp.") at 2, 4-5.  As discussed below, he is incorrect.

### B.      Plaintiff Does Not State a Claim for Affirmative Misrepresentation.

The FAC does not adequately allege one or more affirmative misrepresentations.

Plaintiff's theory involves alleged deception at "the time of sale[,]" Opp. at 5, and JLRNA's only,

representations at the time of sale regarding high-priced warranted parts concerned those listed in

its express warranty.  Yet, Plaintiff concedes that the "list of high-priced emissions parts

identified by JLRNA" in its warranty "may be correct." *Id.* at 1.

And he identifies no supposedly deceptive affirmative statement about the in-tank fuel

pump.  Indeed, JLRNA was clear that the in-tank fuel pump would be covered for 50,000 miles in

2013 model year LR4 vehicles.  ECF No. 19-1 at 11-12.  Plaintiff replaced the in-tank fuel pump

in his vehicle only after 60,000 miles.  FAC ¶¶ 37-39.  Thus, the misrepresentation claims should

be dismissed because none is identified with particularity, and the FAC does not adequately

allege that a reasonable consumer would be deceived by any alleged statement.  *See* Mot. at 5-6.

### C.      Plaintiff Does not Adequately Allege that JLRNA Concealed and Excluded from Extended Coverage a Component that Qualified as High-Priced.

Plaintiff's allegations of concealment fail to satisfy both Rule 8(a) and Rule 9(b).  At

bottom, Plaintiff's theory is that repairs of the in-tank fuel pump should have been covered

between 50,000 and 70,000 miles in 2013 and 2014 model year LR4 vehicles, because similar

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

1    repairs were covered in the preceding and subsequent model years. Opp. at 7-8.[1]  But, as JLRNA

2    explained, when a party's conduct is merely consistent with liability, "[s]omething more is

3    needed, such as facts tending to exclude the possibility that the alternative explanation is true, in

4    order to render plaintiffs' allegations plausible." *Eclectic Properties E., LLC v. Marcus &*

5    *Millichap Co.*, 751 F.3d 990, 996-97 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Secs.*

6    *Litig.*, 729 F.3d 1104, 1108 (9th Cir 2013)); Mot. at 8.  That is especially true here because the

7    FAC provides no basis to infer that JLRNA, for only two model years, decided to save money on

8    whatever warranty repairs of a single component ended up being necessary between 50,000 and

9    70,000 miles.  Mot. at 7-8.  Furthermore, extending, shortening, and extending coverage once

10   more does not plausibly suggest concealment; this pattern would, if anything, draw attention.

11          The FAC's allegations do not provide the "something more" that is required.  Plaintiff

12   never disputes the many legitimate explanations that could explain variations in warranty

13   coverage among different model year vehicles.[2]  For example, the FAC does not plead facts

14   tending to exclude the possibility that (1) JLRNA overestimated the cost to replace an in-tank fuel

15   pump in 2012 model year LR4 vehicles, before correcting its forecast for the subsequent model

16   year or (2) the cost limit published by CARB increased between those model years.  Mot. at 7.[3]

17   Instead, Plaintiff argues that the FAC need not plead facts tending to exclude legitimate

18   explanations.  Opp. at 8-9.  Not only does Plaintiff fail to cite any supporting case law, but this

19   argument is directly rebutted by the two Ninth Circuit decisions quoted above (*Eclectic*

20   *Properties* and *In re Century Aluminum*), neither of which Plaintiff attempts to distinguish.

21

22   ---
     [1] Although Plaintiff continues to argue that the in-tank fuel pump was ineligible for extended
     coverage in *2015* model year LR4 vehicles, *id.* at 8, he did not oppose JLRNA's latest request for
23   judicial notice of the applicable warranty, which shows the opposite.  ECF Nos. 28-1, 28-2 at 15.

24   [2] Rather than attempting to exclude legitimate explanations, Plaintiff raises the curious argument
     that "JLRNA does not actually deny" that the in-tank fuel pump is "incorrectly classified" in 2013
25   model year LR4 vehicles.  Opp. 7.  JLRNA did not do so earlier, of course, because substantive
     denials are not normally contained in a motion to dismiss.  To be clear, however, JLRNA denies
26   that this component is misclassified in 2013 model year LR4 vehicles (or that JLRNA is
     otherwise liable to Plaintiff).

27   [3] While the FAC does allege that the "exact same" in-tank fuel pump (with the same part number
     and replacement cost) was used in all 2012-2016 model year LR4 vehicles, FAC ¶ 41; *id.* ¶ 42,
28   JLRNA expects that Plaintiff will not be able to substantiate this allegation.

                                                                    REPLY ISO MOTION TO DISMISS THE
                                        - 2 -              AMENDED COMPLAINT No. 3:19-cv-02892-JD

1    Instead, plaintiff attempts to rely on *Moore v. Kayport Package Express, Inc.*, 885 F.2d

2    531 (9th Cir. 1989), to argue that a claim is adequately alleged as long as it puts the defendant "on

3    notice[,]" Opp. at 5.  But that case was decided in 1989.  Since then, the Supreme Court's

4    decisions in "*Twombly* and *Iqbal* moved us away from a system of pure notice pleading." *In re*

5    *Century Aluminum*, 729 F.3d at 1107 (citation omitted).  To survive the present motion to dismiss,

6    Plaintiff's allegations must "tend[] to exclude the defendant's innocuous alternative explanation."

7    *Eclectic Properties*, 751 F.3d at 997.  They do not.

8    Plaintiff similarly misapplies Rule 9(b)'s requirements.  "To satisfy Rule 9(b), a pleading

9    must identify 'the who, what, when, where, and how of the misconduct charged,'" in addition to

10   adequately alleging "why" the supposed misconduct "is false.'" *U.S. ex rel. Cafasso v. Gen.*

11   *Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *U.S. ex rel. Ebeid v.*

12   *Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)); Mot. at 5.  It is this "why" requirement, along with

13   Rule 8's plausibility standard, which are the focus of JLRNA's Motion.  And Plaintiff's case law

14   does not relieve him from the burden of satisfying these requirements.  In *Myrette-Crosley v.*

15   *Ditech Home Loans*, for example, this Court had no need to reach the "why" requirement because

16   it dismissed the fraudulent concealment claim for falling "far short of the particularity that 9(b)

17   requires."  No. 17-cv-05528-JD, 2018 WL 3159727, at *3 (N.D. Cal. June 28, 2018) (Donato, J.).

18   It is simply insufficient for Plaintiff to assert, in a conclusory manner, that the repair

19   "cost[s] associated with" certain "parts" should have qualified them as high-priced.  Opp. at 6

20   (quoting FAC ¶ 40).  As JLRNA explained, the FAC failed to support this legal conclusion with

21   sufficient factual allegations addressing the requirements of CARB's regulations, including (1)

22   the cost limit CARB published to define which parts should be treated as high-priced in 2013

23   model year vehicles and (2) the cost to replace individual components—not to Plaintiff in 2017,

24   *id.* at 3—but as those costs were *estimated* before the initial sale of any 2013 model year LR4

25   vehicles, Mot. at 7; *see also Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 767 (9th Cir. 2018) ("legal

26   conclusions" are not "entitled to an assumption of truth at the pleading stage").  The absence of

27   such factual allegations, not only for the in-tank fuel pump, but for other unidentified emission-

28   related parts is striking as Plaintiff continues to suggest without support that JLRNA supposedly

- 3 -

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

1    has failed to classify other qualifying parts as high-priced.  Opp. at 4, 8, 13.  These assertions of

2    wide-spread concealment are "conclusory" and "speculative" and thus fail under both Rule 8 and

3    Rule 9(b).  *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018); *In re MyFord Touch Consumer*

4    *Litig.*, 46 F. Supp. 3d 936 (N.D. Cal. 2014) (finding "insufficient" allegations that Ford paid for

5    "repairs 'in some situations'").

6            Attempting once more to evade applicable pleading requirements, Plaintiff argues that

7    "Rule 9(b) may be relaxed as to matters within the opposing party's knowledge."  Opp. at 6.  Yet,

8    Rule 9(b)'s requirements exist "to deter the filing of complaints as a pretext for the discovery of

9    *unknown wrongs . . . .*"  *U.S.  ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir.

10   2018) (emphasis added); Mot. at 10.  Plaintiff ignores this case and then misstates the rule he

11   relies upon.  When courts have "relaxed" Rule 9(b)'s requirements, the alleged facts have been

12   within defendant's "exclusive" or "sole" possession.  *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*,

13   245 F.3d 1048, 1052 (9th Cir. 2001).  This standard is consistent with that applied in Plaintiff's

14   two cases.  *See U.S. ex rel. Vatan v. QTC Med. Servs., Inc.*, 721 F. App'x. 662, 663 (9th Cir.

15   2018) (Rule 9(b) may be relaxed if "the relevant information is within the defendant's exclusive

16   possession and control.") (citing *Moore*, 885 F.2d at 540; *Concha v. London*, 62 F.3d 1493 (9th

17   Cir. 1995)); Opp. at 6.  In *Moore*, for example, the Ninth Circuit rejected the plaintiff's argument

18   that it would be "unfair to strictly apply" Rule 9(b) to matters "within the knowledge of the

19   defendants" in part because the defendants were "not a narrowly defined group of corporate

20   officers or directors" with nearly absolute control over the relevant information.  885 F.2d at 540.

21           Here as well, Plaintiff does not—and cannot—adequately allege that JLRNA has

22   exclusive possession over the information that supposedly supports his claims.  For example, he

23   concedes that CARB requires automotive companies, like JLRNA, to disclose this information to

24   CARB.  Opp. at 3; *see also* 13 C.C.R. § 2037 (c)(5) (requiring the submission of estimated retail

25   parts costs, labor rates in dollars per hour, and the labor hours necessary to complete repairs).

26   And CARB calculates and publishes annually the cost limit applicable to each model year

27

28

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

\\DC - 029018/000133 - 14622255 v10

vehicle.[4]  This case is therefore similar to *United States ex rel. Unite Here v. Cintas Corp.*, No. C

06-2413 PJH, 2007 WL 4557788, at \*10 (N.D. Cal. Dec. 21, 2007).  There, the court concluded

that the plaintiff could not "plausibly argue that any required information" was in the defendant's

" 'exclusive' possession" because "information regarding government contracts and any alleged

false certifications made by" the defendant "would necessarily be in the possession of the United

States government . . . ."  *Id*; *see also Cty. of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d

1029, 1037 (N.D. Cal. 2006) ("plaintiff cannot fairly allege that defendants are

in sole possession of the facts that would support a [fraud] claim"); *accord U.S. ex rel.*

*Armstrong-Young v. Carelink Hospice Servs., Inc.*, No. 15-cv-04095-WHO, 2018 WL 4773111,

at \*5 (N.D. Cal. Oct. 1, 2018); *U.S. ex rel. Gale v. Raytheon Co.*, No. 05cv2264-MMA(LSP),

2009 WL 10672537, at \*4 (S.D. Cal. Feb. 3, 2009).  So too here.[5]

Moreover, putting aside the requirements of Rule 9(b), the Supreme Court and other

courts have repeatedly held that discovery is not available for claims, like Plaintiff's, which are

implausible under Rule 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's

complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.");

*Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.7 (9th Cir. 2014) ("[P]laintiffs must satisfy the

pleading requirements of Rule 8 *before* the discovery stage, not after it."); *Benitez v. Hutchens*,

No. SACV 12-550 AG(JC), 2016 WL 7468037, at \*1 (C.D. Cal. Dec. 26, 2016) ("Rule 8

pleading standards are not relaxed based on speculation that a plaintiff will be able to provide

more specificity after he obtains more information through discovery.").

It is no answer to complain that JLRNA did not voluntarily provide Plaintiff with pre-suit,

informal discovery.  Opp. at 6-7.  Otherwise, any plaintiff foreclosed from discovery due to an

inability to state a plausible claim could effectively demand the same discovery simply by

requesting it in a pre-suit letter.  Moreover, Plaintiff is incorrect that JLRNA "refused to provide"

---

[4] *See* https://ww3.arb.ca.gov/msprog/macs/macs.htm (last visited Dec. 5, 2019).

[5] Plaintiff cannot avoid a similar conclusion by arguing that CARB lacked the requisite
information because JLRNA allegedly omitted it.  Opp. at 6.  As discussed further below, CARB
never raised a concern, even though it had access to the same information that prompted Plaintiff
to file suit, in addition to still more information and greater expertise.  *See infra* at Section I(D).

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

\\DC - 029018/000133 - 14622255 v10

1   the information requested in his initial, pre-filing letter. *Id.* at 2, 6.  The FAC alleges that he first

2   notified JLRNA of his claims in his initial letter.  FAC ¶ 54.  JLRNA responded and represented

3   that it had, prior to the distribution of 2013 model year LR4 vehicles, "determined that the in tank

4   fuel pump did not qualify as a high-priced emissions part" and that it had "shared its findings with

5   CARB." *Id.* ¶ 55.  While Plaintiff sent another letter to JLRNA demanding that it provide

6   documents substantiating its response, *id.* ¶ 56, he was not entitled to these documents, and there

7   was nothing inappropriate about JLRNA declining to respond.  Moreover, because the

8   information Plaintiff seeks was not in JLRNA's exclusive possession, he could have followed up

9   with CARB or invoked CARB's procedure for resolving coverage disputes involving emission-

10  related warranties.  *See* 13 C.C.R. § 2041.  Yet, he did neither.  For these reasons, Plaintiff cannot

11  rely on his pre-suit letter to avoid the well-settled rule that a plaintiff must satisfy Rule 8's and

12  9(b)'s pleading requirements *before* he is entitled to discovery.  *Iqbal*, 556 U.S. at 686.

### D.   Plaintiff Does Not Allege That CARB Has Raised a Concern about JLRNA's Classification of Any Components as High-Priced Warranted Parts.

13
14          Plaintiff's claims do not exist in a regulatory vacuum.  CARB promulgated the relevant

15  regulations *and* supervises compliance with them.  Mot. at 3-4, 9-10.  Yet, the FAC does not

16  allege that CARB has ever raised a concern in its supervisory capacity regarding JLRNA's

17  practices.  Plaintiff discounts CARB's silence because his theory is based on a component being

18  missing from the list of high priced warranted parts, which allegedly means that CARB did not

19  have the necessary information.  Opp. at 6, 10.

20          But, contrary to Plaintiff's contention, *id.* at 1, CARB is specifically tasked with ensuring

21  that a list of high-priced warranted parts is not under-inclusive.  13 C.C.R. § 2037(c)(6).  And

22  CARB had the same information on which Plaintiff now bases his claim—namely, lists of

23  qualifying parts in several model years of LR4 vehicles, a few of which included the in-tank fuel

24  pump. *Id.* § 2037(f); Opp. at 8.  In fact, CARB had access to far *more* information than Plaintiff

25  did as CARB also requires that automotive companies disclose (1) supporting information

26  regarding the part and labor costs associated with individual repairs, 13 C.C.R. § 2037 (c)(5), and

27

28

- 6 -

\\DC - 029018/000133 - 14622255 v10

1   (2) "near-miss" component repairs that come within $100 of exceeding CARB's cost limit.[6]  If

2   CARB wants still more information, it is also empowered to reject an automotive company's list

3   for "incompleteness and lack of clarity."  13 C.C.R. § 2037(g).  In addition, CARB has sources of

4   information other than automotive companies and its own investigations; consumers can submit

5   to CARB's Executive Officer unresolved disputes regarding coverage under emissions warranties.

6   *Id.* § 2041.  Yet, Plaintiff does not allege that he or anyone else invoked this procedure in

7   connection with *any* component on a LR4 vehicle.

8        For all these reasons, CARB's failure to raise any concern, despite greater expertise and

9   access to information than Plaintiff, is telling as it makes his claims all the more implausible.  In

10  support of this argument, JLRNA cited multiple cases in its Motion where courts found that the

11  activities of regulatory authorities bore on the plausibility of plaintiffs' claims.  Mot. at 10-11

12  (collecting cases).  Plaintiff neither responded to these cases nor cited any conflicting authorities.

13       **E.      Plaintiff Does Not Adequately Allege That JLRNA Had the Requisite
                   Knowledge.**

14       Plaintiff admits that the CLRA requires knowledge, but incorrectly contends that the UCL

15  never does.  Opp. at 9.  As courts have recognized in multiple contexts, a plaintiff's theory of his

16  case can introduce knowledge as a UCL requirement.  Mot. at 12 (collecting cases).  Plaintiff

17  does not address these cases, and the only decision he cites in support of his argument fails to

18  mention knowledge, much less hold that it is categorically irrelevant to this type of claim.  *See*

19  *Berryman v. Merit Property Mgmt. , Inc.*, 152 Cal. App. 4th 1544, 1556 (2007) (affirming a

20  demurrer on a UCL claim).  Here, knowledge is integral to Plaintiff's theory that JLRNA

21  knowingly omitted a high-priced warranted part that supposedly should have been covered for

22  70,000 miles.  FAC ¶¶ 46, 100-01, 110-11; *see also See Wilson v. Hewlett-Packard Co.*, 668 F.3d

23  1136, 1145 n.5 (9th Cir. 2012) ("[T]he failure to disclose a fact that a manufacturer does not have

24  a duty to disclose, *i.e.*, a defect of which it is not aware, does not constitute an unfair or fraudulent

25  practice" under the UCL); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection*

26  *HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1095 (S.D. Cal. 2010) (under the CLRA, "Sony

27

28  _____
    [6] *See* https://ww3.arb.ca.gov/msprog/macs/mac1201/mac1201.pdf (last visited Dec. 5, 2019).

\\DC - 029018/000133 - 14622255 v10

1   had no duty to disclose facts of which it was unaware").

2            Plaintiff's apparent fallback position is that he need only plead JLRNA's awareness of the

3   regulatory regime at issue.  Opp. at 9.  He is mistaken.  Plaintiff must adequately allege that

4   JLRNA knew that it supposedly was violating this regime.  The only case Plaintiff cites for this

5   proposition undercuts his position and supports JLRNA's.  In *United States v. Corinthian*

6   *Colleges*, the Ninth Circuit concluded that a complaint asserting a False Claims Act claim failed

7   to "allege sufficient facts to support an inference or render plausible that [the defendant] acted

8   while knowing" its conduct fell outside applicable regulations.  655 F.3d 984, 997 (9th Cir.

9   2011); *see also Neu v. Terminix Int'l, Inc.*, No. C 07-6472 CW, 2008 WL 2951390, at *3 (N.D.

10  Cal. July 24, 2008) (dismissing a UCL claim because the plaintiff failed "sufficiently to allege

11  that Defendants knew their termite prevention plan to be faulty at the time the statements were

12  made").  A similar result is appropriate here.  The FAC fails to adequately allege *how* or *when*

13  JLRNA supposedly became aware that the in-tank fuel pump in 2013 model year LR4 vehicles

14  should have been covered for 70,000 miles under CARB's regulations.

15          **F.       Plaintiff Fails to Adequately Plead A Claim Under Any Prong of the UCL.**

16           Plaintiff fails to state a claim under any prong of the UCL.  He fails to allege in a plausible

17  manner that JLRNA knowingly concealed a part that should have been covered for 70,000 miles.

18  Plaintiff also fails to allege his claims with particularity—even though he does not dispute that the

19  gravamen of the FAC is fraud.  *See supra* at Section I(A).  In response, Plaintiff argues that it is

20  not appropriate at this stage to decide whether a reasonable consumer would be deceived by a

21  defendant's conduct.  Opp. at 12.  He misses the point.  To be sure, *if a plaintiff has sufficiently*

22  *alleged* that a reasonable consumer is likely to be misled by a statement that "appears to be

23  false[,]" *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939 (9th Cir. 2008), discovery may then be

24  required.  But courts routinely decide at the motion to dismiss or demurrer stage that UCL claims

25  are implausible, conclusory, and fail to adequately allege that a reasonable consumer is likely to

26  be deceived.  *See*, *e.g.*, *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir.

27  2012) (affirming dismissal of UCL claim because the plaintiff's implausible claim failed "to

28  satisfy the 'reasonable consumer' standard"); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

\\DC - 029018/000133 - 14622255 v10

1  F.3d 1035, 1044 (9th Cir. 2010) (same for UCL claim based on "conclusory allegations about

2  fraud" involving the defendant's customers); *Hill v. Roll Internat. Corp.*, 195 Cal. App. 4th 1295,

3  1307 (2011) (affirming demurrer to a UCL claim because "no reasonable consumer would be

4  misled" by the defendant's conduct).  That is the situation here.  The FAC does not plead

5  sufficient facts to support an inference that the representations in JLRNA's express warranty or

6  its announced policy of covering the in-tank fuel pump for 50,000 miles in 2013 model year LR4

7  vehicles were false and capable of deceiving a reasonable consumer.  *See supra* at Section I(B-E).

8       In his Opposition, Plaintiff narrows the basis of his unlawfulness claim under the UCL.

9  He does not argue that his CLRA claim provides the necessary predicate, instead relying only on

10  JLRNA's alleged violations of CARB's regulations.  *Compare* Mot. at 13, *with* Opp. at 11.  But,

11  even with all reasonable inferences, Plaintiff has not sufficiently pled a plausible violation of

12  these regulations or excluded permissible, alternative explanations for JLRNA's conduct.  *See*

13  *supra* at Section I(B-E).  Nor did he address or distinguish the case law JLRNA cited in support

14  of dismissing the unlawfulness prong.  *See* Mot. at 13 (citing *Bush v. Monelez Intern'l, Inc.*, No.

15  16-cv-02460-RS, 2016 WL 7324990, at *3-4 (N.D. Cal. Dec. 16, 2016)).

16       Finally, Plaintiff's UCL unfairness claim also fails because it depends on the same

17  implausible theory—namely, that JLRNA engaged in alleged concealment by announcing to

18  CARB and in its warranties that it would cover the in-tank fuel pump for 50,000 miles in 2013

19  and 2014 model year LR4 vehicles, before proclaiming that it would extend this coverage to

20  70,000 miles in 2015 model year LR4 vehicles.  Far from representing an unavoidable injury,

21  Opp. at 13, all a prospective LR4 vehicle owner had to do to determine how long this part would

22  be covered was to review JLRNA's express warranty, which is available in the glovebox of any

23  Land Rover vehicle on a dealership's lot.  *See*, *e.g.*, ECF Nos. 19-1 at 11-12, 28-2 at 15.  Nor

24  does JLRNA fail to confer any warranty benefit on LR4 owners.  Opp. at 13.  It is undisputed that

25  the in-tank fuel pump is covered under warranty for *at least* 50,000 miles.  *See* ECF Nos. 19-1 at

26  11-12.  The issue is whether CARB's regulations mandated that JLRNA offer even longer

27  coverage of this component in 2013 model year LR4 vehicles.

28       As discussed *supra* at Sections I(B-D), CARB's regulations do not.  Absent such a

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

\\DC - 029018/000133 - 14622255 v10

1   requirement, the public policy in California is to allow warranties to offer coverage for a finite

2   period. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008)

3   (recognizing the "general rule" in California that "an express warranty does not cover repairs

4   made after the applicable time or mileage periods have elapsed") (internal quotations and

5   citations omitted).  As JLRNA previously explained, the UCL cannot be used to re-write valid

6   contracts like JLRNA's express warranty.  Mot. at 14; *see also Rosell v. Wells Fargo Bank, N.A.*,

7   No. 12-cv-06321-JD, 2014 WL 4063050, at *6 (N.D. Cal. Aug. 15, 2014) (declining to hold that

8   the UCL "applies to every breach of contract, without more" (Donato, J.)).  Plaintiff neither

9   responded to this argument nor to the case law JLRNA provided to support it.

10   **II.      MULTIPLE CLAIMS ARE SUBJECT TO DISMISSAL TO THE EXTENT THEY
            SEEK EQUITABLE RELIEF**.

11

12           Plaintiff does not dispute either that he (1) invoked a remedy at law in the form of his

13   claim for damages or (2) failed to allege that this remedy is inadequate.  Opp. at 14.  He also does

14   not address JLRNA's case law explaining why, under these circumstances, equitable relief is

15   unavailable.  Mot. at 14-15 (collecting cases).  Nor does he supply any case law supporting his

16   position.

17           While Plaintiff does assert that JLRNA's alleged conduct supposedly poses a threat of

18   future injury, this assertion is conclusory.  Opp. at 14.  There is no allegation that he will need to

19   replace (when his vehicle has fewer than 70,000 miles on it) a component that he considers to be

20   a high-priced warranted part, but which JLRNA does not.  In fact, there is no risk of any such

21   future injury occurring; Plaintiff does not—and cannot—allege that his vehicle currently has less

22   than 70,000 miles on it.  Finally, the Court need not decide whether it is appropriate to plead

23   inconsistent theories as Plaintiff has failed to allege any viable equitable relief theory.  *Id.* at 14.

24   As a result, the UCL claim should be dismissed in its entirety, and the CLRA claim should be

25   dismissed to the extent it seeks equitable relief.

                                              **CONCLUSION**

26           JLRNA respectfully requests that this Court dismiss Plaintiff's FAC.

27

28

\\DC - 029018/000133 - 14622255 v10

1      Dated: December 6, 2019                 Respectfully Submitted,

2

                                 By: /s/ Parris H. Schmidt

3                                  Parris Hugh Schmidt, SBN 183999
                                 parris.schmidt@bowmanandbrooke.com

4                                  BOWMAN & BROOKE LLP
                                 1741 Technology Dr. #200

5                                  San Jose, CA 95110-1355
                                 Telephone: (408) 279-5393

6                                  Facsimile: (408) 279-5845

7                                  Brian Takahashi, SBN 146505
                                 brian.Takahashi@bowmanandbrooke.com

8                                  BOWMAN & BROOKE LLP
                                 970 West 190th Street, Suite 700

9                                  Torrance, CA 90502
                                 Telephone: (310) 768-3068

10                                  Facsimile: (310) 719-1019

11                                  Michael L. Kidney*
                                 michael.kidney@hoganlovells.com

12                                  James W. Clayton*
                                 james.clayton@hoganlovells.com

13                                  HOGAN LOVELLS US LLP
                                 555 Thirteenth Street Northwest

14                                  Washington, D.C. 20004
                                 Telephone: (202) 637-5883

15                                  Facsimile: (202) 637-5910

16

17                                  * admitted *pro hac vice*

18                                  Attorneys for Defendant Jaguar Land Rover
                                 North America, LLC

19

20

21

22

23

24

25

26

27

28

- 11 -

REPLY ISO MOTION TO DISMISS THE
AMENDED COMPLAINT No. 3:19-cv-02892-JD

\\DC - 029018/000133 - 14622255 v10